UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-CV-22376-MARTINEZ-OTAZO-REYES

HIYAM AKKASHA,

    Plaintiff,

v.

BLOOMINGDALE'S, INC.,
a foreign corporation,

    Defendant.
_____/

## ORDER ON MOTION TO RECONSIDER

THIS CAUSE came before the Court on Defendant's Motion to Reconsider Defendant's Motion for Summary Judgment or, in the Alternative, Motion to Conduct an Evidentiary Hearing on Plaintiff's Exhaustion of Administrative Remedies, [ECF No. 140], filed on October 31, 2019, ("Motion to Reconsider"). Plaintiff filed her Response in Opposition, [ECF No. 143], on November 12, 2019. On December 2, 2019, the Court conducted an evidentiary hearing on the matter, heard the parties' respective arguments, and took this matter under consideration. The Court has carefully considered this matter and is otherwise duly advised. The salient issue involved in the pending motions before the Court is whether Plaintiff timely filed her charge of discrimination with the EEOC.

For the reasons set forth below, this Court finds that Plaintiff did not, and thus, Defendant's Motion to Reconsider should be granted. Accordingly, so too should Defendant's Motion for Summary Judgment, [ECF No. 78].

I.    **Procedural History**[1]

---

[1] A thorough outline of both the factual background and pertinent caselaw is hereby incorporated from this Court's Order Denying Summary Judgment, [ECF No. 138].

Plaintiff brought her action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e15, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. Plaintiff was employed by Bloomingdale's, Inc., at its Miami Falls store from September 9, 1991 until October 12, 2012. This Court previously addressed Plaintiff's allegations in detail in its October 24, 2019 Summary Judgment Order, [ECF No. 138], and will not repeat those allegations herein.

Plaintiff alleges that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 21, 2012. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, [ECF No. 20], arguing that Plaintiff failed to timely file a charge with the EEOC and failed to timely file an action with this Court. Defendant argued that Plaintiff did not file a Charge with the EEOC until October 2014, more than two years after her termination. Additionally, Plaintiff filed her Complaint with this Court more than 90 days after receiving her Notice of Right to Sue – the Notice of Right to Sue is dated December 21, 2016; Plaintiff filed her Complaint on June 26, 2017. Plaintiff claims that she filed a complaint with the EEOC on October 21, 2012 but it was lost, and she did not hear back from the EEOC about preparing a new charge until October 2014. [ECF No. 17 at ¶¶ 34, 37]. In ruling on Defendant's Motion to Dismiss, the Court reviewed the employment discrimination cases cited by Defendant wherein the courts ruled in favor of the defendants due to the plaintiff's failure to exhaust administrative remedies or failure to file a claim with the EEOC within the required time frame. *See AMTRAK v. Morgan*, 536 U.S. 101 (2002), *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1335 (11th Cir. 2017); *Kerr v. McDonald's Corp.*, 427 F.3d 947 (11th Cir. 2005). The Court, however, noted that those cases involved a motion for summary judgment rather than a motion to dismiss. Accordingly, the Court found that there was "nothing in the [Plaintiff's] present Amended Complaint to suggest that failure to

2

exhaust administrative remedies appears on the face of the complaint" and "a motion to Dismiss pursuant to Rule 12(b)(6) is not the proper method to address these arguments." [ECF No. 59 at 6].

In its Answer to Plaintiff's Amended Complaint, Defendant alleged Plaintiff's failure to exhaust her administrative remedies as an affirmative defense, [ECF No. 60], and in light of the Court's denial of dismissal, reargued this point to the Court in its Motion for Summary Judgment, [ECF No. 78].

On October 24, 2019, the Court entered its Summary Judgment Order. [ECF No. 138]. The Court found that Defendant was not entitled to judgment as a matter of law on the issue of Plaintiff's exhaustion of her administrative remedies because Defendant had not – and likely could not – provide the substance of Plaintiff's initial intake form; therefore, it could not show that such form does not constitute a valid charge. [*Id.* at 8]. In reaching this conclusion, the Court noted the lack of evidence regarding the alleged initial correspondence that Plaintiff claims she had with the EEOC in October 2012, prior to the expiration of the 300-day period provided by the statute, which she coins an "application." The Court emphasized that it could not analyze whether Plaintiff's "application" constitutes a valid charge under the applicable case law, because it does not have the actual substance of Plaintiff's purported October 2012 "application." [*Id.* at 7]. Because the Court found that exhaustion of administrative remedies in an affirmative defense, however, the Court nonetheless denied Defendant's Motion for Summary Judgment. [*Id.* at 8]. *See Jones v. Bock*, 549 U.S. 199, 212 (2007); *Garner v. G.D. Searle Pharm. Co.*, 581 F. App'x 782, 784 (11th Cir. 2014). The Court held that Defendant bore the burden to show Plaintiff's initial intake application would not "convince a reasonable person that [plaintiff] manifested her intent to activate" the EEOC process. [*Id.* at 8 (citing *Wilkerson v. Grinnell Corp.*, 228 F. App'x 832,

3

836 (11th Cir. 2007))]. Because Defendant could not provide the substance of Plaintiff's initial application, it could not show that the form did not evince Plaintiff's reasonable intent. Accordingly, the Court found Defendant had not carried its burden at the summary judgment stage.

At the October 24th Calendar Call, Defendant addressed its concern with having the issue of exhaustion of administrative remedies proceed in front of a jury. [ECF No. 139]. Noting the inherent inequity the Court found with requiring the Defendant to produce a document it did not have, the Court granted Defendant leave to file a motion with additional case law supporting its argument.

Defendant moved for reconsideration of the Order Denying Summary Judgment or, in the alternative, requested an evidentiary hearing on the issue, as the Court had not made a finding as to whether Plaintiff exhausted her administrative remedies. [ECF No. 140]. Plaintiff filed her response in opposition to the Motion for Reconsideration, arguing that the jury should decide whether she exhausted her administrative remedies and that the burden was indeed on Defendant to prove that her initial intake questionnaire did not constitute a valid charge. [ECF No. 143]. The Court held an evidentiary hearing on the motion, ordering the Plaintiff to "produce any and all evidence or documentation of her October 2012 application to the EEOC." [ECF No. 144 (emphasis omitted)]. The parties were ordered to "be prepared to argue why or why not such evidence constitutes a valid charge…," and "why the issue of exhaustion should or should not go to the jury." [*Id.*] The Court heard oral argument on December 2, 2019. Accordingly, Defendant's Motion to Reconsider is ripe for consideration.

**II.  Legal Standard**

A court has the power to revisit its own prior decisions in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006).

4

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted). If a court's prior ruling was clearly erroneous, it would be "wasteful and unjust to require the court to adhere to its earlier ruling." *Id.*

### III. Analysis

#### A. The Court Must Determine Whether Plaintiff Exhausted Her Administrative Remedies

As an initial matter, Defendant argues that the Court—and not a jury—should determine whether Plaintiff exhausted her administrative remedies. The Court agrees. Based on the evidence available and the pertinent case law cited to by the parties, the Court must decide that Plaintiff filed a valid and timely charge with the EEOC before this case can move forward to the jury on the merits. *See Snow v. Cirrus Educ. Grp.*, No. 5:17-CV-208 (MTT), 2017 WL 6001502, at *3 (M.D. Ga. Dec. 4, 2017) (where there was a dispute regarding what plaintiff alleged in her EEOC Charge, the Court ordered that a hearing must take place to resolve the issue of exhaustion and ordered plaintiffs to provide the Court with affidavits authenticating the documents they contended constituted their EEOC charges).

Though in a different context, the Eleventh Circuit addressed this issue in *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), with respect to the exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"). In *Bryant*, the Eleventh Circuit held that it would be improper for a jury to be tasked with determining whether a Plaintiff exhausted his administrative remedies under the PLRA:

Requiring jury trials to resolve factual disputes over the preliminary issue of

5

> exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement: that is, to "reduce the quantity and improve the quality of prisoner suits." *Porter*, 122 S. Ct. at 988.

\* \* \*

> The facts about whether Priester failed to exhaust his administrative remedies at GSP do not bear on the merits of his claim that he was subjected to violent abuse at Rogers. Also, because the district court treated Defendants' motions to dismiss like motions for summary judgment, Priester was given an opportunity to develop a record by obtaining affidavits and attaching them to his filings; and Priester did so. We conclude, therefore, that the district judge did not err by acting as the factfinder on whether Priester had access to grievance forms at GSP to report his abuse at Rogers.

*Id.* at 1376–72. Two years later, in *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424–25 (11th Cir. 2010), the Eleventh Circuit extended the holding in *Bryant* to EEOC charges in Title VII cases, finding it proper for a district court to resolve factual disputes regarding whether the plaintiff exhausted administrative remedies as long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record:

> Like the PLRA's exhaustion requirement, exhausting administrative remedies ... is a prerequisite to a[n] ... employee's filing an employment discrimination action under Title VII.... Thus, the general principles relied upon in *Bryant* apply equally to DHS's motion to dismiss Tillery's Title VII retaliation claims on exhaustion grounds.

*Id.* at 425. *See also Snow*, 2017 WL 6001502, at *2 n.4 ("While the relevant issue in *Bryant* was whether the plaintiff exhausted his administrative remedies under the Prison Litigation Reform Act, there is no reason why *Bryant* should not apply to motions to dismiss under Title VII's exhaustion requirement."). Indeed, because exhaustion constitutes a preliminary issue that precludes a plaintiff's right to a jury trial, exhaustion of administrative remedies in Title VII cases is typically decided by courts on motions to dismiss or on summary judgment. *See, e.g., Fleming v. Florida Bar*, 994 F. Supp. 2d 1255, 1260-61 (N.D. Fla. 2014) (district court granted defendant

summary judgment as a matter of abatement because plaintiff failed to file a timely charge); *EEOC v. Summer Classics, Inc.*, 471 F. App'x 868 (11th Cir. 2012) (holding that the district court properly determined the exhaustion issue and properly granted summary judgment for defendant); *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832 (11th Cir. 2007) (same); *Prince v. Fla., Dep't of Corr.*, No. 6:15-cv-1855-Orl-22KRS, 2017 WL 10023750, at *2–5 (M.D. Fla. June 27, 2017) (granting summary judgment in favor of defendant where plaintiff's intake questionnaire was insufficient to constitute a valid charge).

Here, the Court is not required to decide the merits of Plaintiff's discrimination, harassment, or retaliation claims to determine whether she exhausted her administrative remedies. Additionally, the parties have had a full opportunity to develop the record. Therefore, it is proper for the Court to determine whether the facts establish that Plaintiff filed a valid and timely charge with the EEOC.

Before the December 2, 2019 hearing, the Court ordered Plaintiff to produce "any and all evidence or documentation of her October 2012 application to the EEOC." [ECF No. 144]. Plaintiff has presented her arguments and evidence, consisting of documents from the EEOC's FOIA response, the EEOC's Charge Inquiry Detail, and excerpts from Plaintiff's deposition transcript, none of which evidence a charge filed in October 2012, as discussed below.

### B. Plaintiff Must Prove that She Exhausted Her Administrative Remedies

In its Motion to Reconsider, Defendant argues that the Court erroneously and unfairly placed the burden on Defendant when the burden is, in fact, on Plaintiff to prove that she exhausted her administrative remedies and filed a timely charge. *See, e.g., Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 610 (11th Cir. 2017) ("If the defendant specifically denies that a timely charge has been filed, the plaintiff bears the burden of proving that she timely filed with the EEOC.").

Exhaustion of administrative remedies is an affirmative defense and not a jurisdictional prerequisite, which Defendant has pled and argued from the beginning of the case. However, it is Plaintiff's burden to prove that she complied with conditions precedent and filed a valid timely charge. *See, e.g., Jackson v. Seaboard C. L. R. Co.*, 678 F.2d 992, 1009–10 (11th Cir. 1982) (holding that while conditions precedent to a Title VII action are not jurisdictional prerequisites, plaintiffs must still prove that they have satisfied the conditions precedent to a Title VII action).

> If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny 'specifically and with particularity' that the preconditions have [] been fulfilled. The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied.

*Id.* at 1010; *see also Bloodworth v. Colvin*, 17 F. Supp. 3d 1245, 1253 (N.D. Ga. 2014) ("The plaintiff…bears the burden of proof when the defendant particularly denies that the conditions precedent to suit have been satisfied."); *Butler v. Bellsouth Telecomms., LLC.*, No. 1:11-CV-131 (WLS), 2014 WL 4924470, *2 (M.D. Ga. Sept. 30, 2014) ("Before turning to the issue in this case, the Court notes that Plaintiff bears the burden of showing that he exhausted his administrative remedies."); *Myers v. Cent. Fla. Inv., Inc.*, No. 6:04-cv-1542-Orl-28DAB, 2008 WL 4710898, at *2 (M.D. Fla. Oct. 23, 2008) ("It is clear that in this circuit, the plaintiff bears the burden of proof on the issue of timely administrative filing, a condition precedent to suit.").

Because Defendant specifically disputed the issue, the Court improperly placed the burden on Defendant to prove Plaintiff failed to exhaust her administrative remedies at summary judgment.

Indeed, Plaintiff's case here is directly analogous to the plaintiff's position in *Hicks v. Bd. of Regents of Univ. Sys. of Ga.*, No. 3:11-cv-94, 2013 WL 149626 (M.D. Ga. Jan. 14, 2013). In *Hicks*, there was no dispute that the plaintiff filed his EEOC charge 380 days after his termination. *Id.* at *6. Plaintiff, however, attempted to persuade the Court that his charge was valid and timely

8

based on the initial paperwork he filed with the EEOC prior to the expiration of the statutory period. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 106–08 (2002). The problem for Hicks, however—and the same problem for Plaintiff Akkasha in this case—is that Hicks was unable to provide any proof of the substance of what he submitted to the EEOC as part of his purported initial paperwork. *Hicks*, 2013 WL 149626, at *3–4. When the defendant raised plaintiff's failure to exhaust his administrative remedies as a defense, the Court placed the burden on Hicks to prove that he filed a valid and timely charge. *Id.* at *9–10. The Court held that Hicks's self-serving testimony was insufficient to establish that the purported initial paperwork met the requirements of a valid charge under 29 CFR. 1601.12(b):

> Hicks has failed to produce sufficient evidence to demonstrate that he submitted information prior to the filing of his formal charge of discrimination that would be considered a substitute for his untimely-filed charge. In fact, he does not point to any facts in the record from which one can determine whether an earlier submission satisfies the charge requirements. The evidence when construed in his favor is limited to the following: (1) Hicks called the EEOC at least by the end of his internal appeals process on February 10, 2009 and "had a case number registered with them"; (2) at some point prior to the formal September 10, 2009 charge, Hicks submitted "three maybe four different forms" to the EEOC because the EEOC had to keep making changes to "get [the] charge corrected"; and (3) eventually somebody else had to "fill[] out paperwork" for him. From these facts, one cannot reasonably infer that such paperwork would constitute a valid charge.

*Id.* (internal citations omitted).

Here, Plaintiff relies on similar allegations of vague and unspecified "initial paperwork." Plaintiff does not have a copy of her purported October 2012 "application" or its contents.

Plaintiff argues that the record supports her intention to file a charge in 2012, but that the EEOC was negligent in its handling of her claim. First, there is no evidence that the EEOC failed to properly process a timely filed charge. Looking at the evidence in the light most reasonably favorable to Plaintiff, the record only shows that Plaintiff researched the EEOC's website in October 2012, [ECF No. 99-4], and made an initial inquiry to the EEOC on or about November

9

30, 2012, [ECF No. 123-1]. The Court does not have any physical evidence of this initial "inquiry" to determine whether it meets the elements of a valid charge as required under *Edelman*. *See also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). There is no physical application, questionnaire, or intake form from 2012 for the Court to review.

To the extent Plaintiff contends that the letter she sent the EEOC via email on June 4, 2014 [ECF No. 99-7] constitutes the "application" she submitted in October or November 2012, the letter does not constitute a valid charge because it is not dated, it is not addressed to anyone specific, does not sufficiently identify her employer with any specificity, does not provide contact information for Plaintiff or her employer, is not signed, and there is no evidence that Plaintiff manifested an intent to activate the EEOC administrative process. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1241 (11th Cir. 2004). In fact, there is no evidence that Plaintiff submitted the letter to the EEOC at any point before June 4, 2014.

Moreover, whatever the contact Plaintiff had with the EEOC in 2012, it does not satisfy either of the two significant functions of a charge: (1) notification to the employer, or (2) initiation of the agency's investigation. *Hicks*, 2013 WL 149626, at *3–4; *see Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1306 (11th Cir. 2001). The EEOC did not provide Defendant notice of a charge filed by Plaintiff in 2012. In fact, the EEOC did not provide Defendant notice of Plaintiff's charge of discrimination until June 4, 2014, [ECF 123-1 at 3; ECF No. 99-6], at which point the EEOC informed Defendant that no action was required at that time. [ECF No. 49-5]. Additionally, the EEOC did not initiate an investigation in response to any activity by Plaintiff in 2012. Instead, it automatically closed Plaintiff's inquiry after ninety days on March 10, 2013. [ECF No. 123-1 at 2]. The record reveals no evidence that the EEOC considered Plaintiff's inquiry, or any other activity by Plaintiff in 2012, to be a charge of discrimination.

According to the evidence presented at this Court's evidentiary hearing, Plaintiff subsequently filed a formal charge in 2014, further highlighting that her purported "application" sent in 2012 did not in fact constitute a valid charge. *See Bost*, 372 F.3d at 1241 (finding a subsequent formal charge sent by plaintiff to the EEOC as evidence that neither the EEOC nor the plaintiff considered the initial intake questionnaire a valid formal charge); *see also Francois v. Miami Dade Cty.*, 432 F. App'x 819, 822 (11th Cir. 2011).

There is no evidence that would allow the Court to determine that Plaintiff manifested her intent to activate the EEOC process within the statutory timeframe. Plaintiff has failed to meet her burden to show that she satisfied the conditions precedent to filing a Title VII or ADEA claim. Accordingly, Plaintiff has failed to exhaust her administrative remedies, and her Title VII and ADEA claims fail as a matter of law. The Court's prior ruling as to these claims was incorrect and warrant reconsideration and amendment. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Reconsideration, [ECF No. 140], is **GRANTED**. Accordingly, Defendant's Motion for Summary Judgment, [ECF No. 78], is **GRANTED** in favor of Defendant Bloomingdales, Inc.

2. The Court's Order Denying Defendant's Motion for Summary Judgment, [ECF No. 138], is hereby **VACATED AND AMENDED** in favor of Defendant as set forth above. A separate judgment shall be entered accordingly.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18 day of December 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of Record