UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22376-CIV-MARTINEZ/AOR

HIYAM AKKASHA,

    Plaintiff,

v.

BLOOMINGDALES, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Bloomingdales, Inc.'s ("Defendant") Motion for Attorneys' Fees and Additional Costs (hereafter, "Motion for Fees and Costs") [D.E. 164]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 165]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Fees and Costs be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 26, 2017, Plaintiff Hiyam Akkasha ("Plaintiff") commenced this action for damages pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-15, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, alleging that Defendant discriminated against her in employment because of her national origin, religion, and age. See generally Complaint [D.E. 1]; Amended Complaint [D.E. 17]. Specifically, Plaintiff alleged that Defendant violated Title VII and the ADEA by:

    (1) intentionally discriminating against Plaintiff because of her national origin, religion, and age;

    (2) terminating Plaintiff from a specific employment position because of her national origin, race, and age;

(3) retaliating against Plaintiff for her opposition to Defendant's employment practices, specifically discrimination based on national origin, religion, and age; and

(4) failing and/or refusing to take prompt and appropriate action to remedy offensive conduct in the workplace directed at Plaintiff.

Amended Complaint [D.E. 17 ¶¶ 49-50, 54-56, 63, 69, 74-76].

On September 21, 2017, Plaintiff filed a Motion to Dismiss Plaintiff's Amended Complaint (hereafter, "Motion to Dismiss") arguing that Plaintiff had failed to exhaust her administrative remedies as required by Title VII and the ADEA [D.E. 20]. On September 10, 2018, the Court denied Defendant's Motion to Dismiss, finding nothing on the face of the Amended Complaint to suggest such failure and concluding that a Motion to Dismiss pursuant to Rule 12(b)(6) was not the proper method to address Defendant's arguments [D.E. 59].

On March 29, 2019, Defendant filed a Motion for Summary Judgment, arguing again that Plaintiff had failed to exhaust her administrative remedies and, additionally, that her Title VII and ADEA claims lacked essential evidence to sustain them [D.E. 78]. On October 24, 2019, the Court issued its Summary Judgment Order [D.E. 138]. The Court granted summary judgment in favor of Defendant only as to Plaintiff's ADEA claim, based on the undisputed fact that, upon Plaintiff's removal from the position of Furniture Department Sales Manager, she was replaced by an individual who was not substantially younger than Plaintiff. Id. at 11-13. The Court otherwise denied Defendant's Motion for Summary Judgment. Id. at 13.

On October 31, 2019, Defendant filed a Motion to Reconsider Defendant's Motion for Summary Judgment or, in the Alternative, Motion to Conduct an Evidentiary Hearing on Plaintiff's Exhaustion of Administrative Remedies (hereafter, "Motion for Reconsideration") [D.E. 140]. On December 2, 2019, the Court held an evidentiary hearing on the Motion for Reconsideration [D.E. 148]. On December 18, 2019, the Court granted Defendant's Motion for Reconsideration after

concluding that Plaintiff had not timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") [D.E. 150]. As a result, the Court granted Defendant's Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies. Id. at 11. On the same date, the Court entered Final Judgment in Defendant's favor [D.E. 151].

On February 18, 2020, Defendant filed its Motion for Fees and Costs, arguing that Plaintiff's claims were frivolous. See Motion for Fees and Costs [D.E. 164 at 2]. On March 3, 2020, Plaintiff filed her Response in Opposition to the Motion for Fees and Costs (hereafter, "Response"). See Response [D.E. 169]. On March 10, 2020, Defendant filed its Reply in Support of the Motion for Fees and Costs (hereafter, "Reply"). See Reply [D.E. 170].

## APPLICABLE LAW

*A. Title VII*

In Title VII cases, courts may award attorneys' fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). However, the Supreme Court in Christiansburg cautioned that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id. at 421-22. The Supreme Court added that:

>assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.  Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

Id. at 422.  Nevertheless, "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  Id. (emphasis in original) (footnote omitted).

The Eleventh Circuit has described the Christiansburg standard as a "stringent" one. Bonner v. Mobile Energy Servs. Co., 246 F.3d 1303, 1304 (11th Cir. 2001) (foonote omitted).  The Eleventh Circuit applies three factors, known as the *Sullivan* factors, to determine whether the Christiansburg standard is met: "whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial."  Id. (footnote omitted).  These three factors "are general guidelines only, not hard and fast rules.  Determinations regarding frivolity are to be made on a case-by-case basis."  Sullivan v. Sch. Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985).  When assessing the frivolity of a non-prevailing plaintiff's case, courts "view the evidence in the light most favorable to the plaintiff."  Lawver v. Hillcrest Hospice, Inc., 300 F. App'x 768, 773 (11th Cir. 2008) (citing Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005)).

"[I]n cases where a finding of frivolity has been sustained, the plaintiffs typically failed to introduce any evidence in support of their claims."  Dulaney v. Miami-Dade Cty., No. 09-CV-23259, 2011 WL 6754074, at *3 (S.D. Fla. Dec. 22, 2011) (citing Cordoba, 419 F.3d at 1176).  Nevertheless, a prevailing defendant should not be awarded attorney's fees when the plaintiff's "claims are meritorious enough to receive careful attention and review."  Walker v. NationsBank

4

of Fla. N.A., 53 F.3d 1548, 1559 (11th Cir. 1995) (citing Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991)).

### B. ADEA

"The ADEA incorporates selected provisions of the Fair Labor Standards Act ('FLSA'), including those pertaining to attorney's fees." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998) (citing 29 U.S.C. § 626(b)). "[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith." Turlington, 135 F.3d at 1437 (citing Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542-43 (11th Cir. 1985)). "Given the close relationship between the ADEA and the FLSA," the Eleventh Circuit teaches "that a district court may award attorney's fees to a prevailing ADEA defendant only upon a finding that the plaintiff litigated in bad faith." Turlington, 135 F.3d at 1437 (citing 29 U.S.C. § 626(b)).

## DISCUSSION

### A. *Frivolousness*

As previously noted, the Eleventh Circuit utilizes the three *Sullivan* factors as guidelines to determine whether the Christiansburg frivolousness standard for awarding fees against non-prevailing plaintiffs in Title VII cases is met: "whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." Bonner, 246 F.3d at 1304; Sullivan, 773 F.2d at 1189.

As to the first factor, the Court denied Defendant's Motion for Summary Judgment to the extent it argued that Plaintiff's Title VII claims lacked essential evidence to sustain them. Therefore, it cannot be said that Plaintiff failed to establish a prima facie case as to these claims. However, Defendant's challenge to a condition precedent to asserting these claims was ultimately

5

successful. As set forth above, the Court denied Defendant's Motion to Dismiss the Amended Complaint for failure to exhaust her administrative remedies, and initially denied Defendant's Motion for Summary Judgment on these same grounds. However, after an evidentiary hearing, the Court concluded that Plaintiff had not timely filed her charge of discrimination with the EEOC; and granted Defendant's Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies. Thus, while successfully overcoming Defendant's challenge to the prima facie case of her Title VII claims, Plaintiff was defeated based on her failure to satisfy a condition precedent for the prosecution of those claims. Given these procedural facts, the undersigned concludes that the first *Sullivan* factor is neutral.

As to the second factor, Defendant contends that, at a court ordered mediation, it did not wish to settle the case "above nuisance value." See Motion for Fees and Costs [D.E. 164 at 7]. According to Plaintiff, Defendant last offered her $10,000 to settle her claims. See Response [D.E. 169 at 3]. In its Reply, Defendant did not further address this issue. Given the existence of a settlement offer, albeit an arguably *de minimis* one, the undersigned concludes that the second *Sullivan* factor is also neutral.

The third *Sullivan* factor militates in favor of Defendant, since the Court dismissed the case prior to trial upon the entry of Final Judgment.

Thus, one *Sullivan* factor favors Defendant and the other two are neutral.

Using these results as a guideline, the undersigned concludes that a finding of frivolity is not appropriate in this case. Moreover, Defendant's argument that Plaintiff had failed to exhaust administrative remedies, which was the basis for dismissal of the case, was rejected twice by the Court and only succeeded after an evidentiary hearing was held on Defendant's Motion for Reconsideration. Given this extended review process, Defendant is not entitled to recover fees as

6

the prevailing Title VII party.  Dulaney, 2011 WL 6754074, at *3; Walker, 53 F.3d at1559.

### B. Bad Faith

Defendant argues that Plaintiff pursued her Title VII and ADEA claims in bad faith after having failed to exhaust administrative remedies.  See Motion for Fees and Costs [D.E. 164 at 8-9].  As to the Title VII claims, a finding of bad faith provides "*an even stronger basis*" for charging fees against a non-prevailing plaintiff.  Christiansburg, 434 U.S. 422 (emphasis added) (footnote omitted).  As to the ADEA claims, a finding of bad faith is required for a fee award to a prevailing defendant.  Kreager, 775 F.2d at 1542-43.

Here, the undersigned has found no basis for charging Plaintiff with Defendant's fees under the Christiansburg standard, given that the determination that Plaintiff had failed to exhaust her administrative remedies required an evidentiary hearing.  In support of its bad faith argument, Defendant also accuses Plaintiff and her counsel of vexatiously multiplying proceedings in violation of 28 U.S.C. 1927 (hereafter, "Section 1927").  See Motion for Fees and Costs [D.E. 164 at 8].  However, Defendant has not brought a Section 1927 motion for sanctions.  Defendant also appears to rely for a finding of bad faith on Plaintiff's filing of a Motion for Sanctions, pursuant to the Court's inherent powers and Fed. R. Civ. P. 37 [D.E. 86].  See Motion for Fees and Costs [D.E. 164 at 8-9].  However, the Motion for Sanctions was denied after thorough review of the parties' arguments and evidence and with no finding of bad faith on the part of Plaintiff for seeking sanctions [D.E. 127].

Having addressed Defendant's "bad faith" arguments, the undersigned concludes that they do not support the imposition of fees on Plaintiff under either Title VII or the ADEA.

### **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY

RECOMMENDS that Defendant's Motion to for Fees and Costs [D.E. 164] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 20th day of July, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record